Nash, J.
 

 It is unnecessary for the Court, to decide any of the questions raised in the argument of the case. Whether the heir, mentioned in the second clause, refers to the father Samuel, or to the son Joel, or whether the devise fails altogether for uncertainty, as far as the remainder is concerned, are questions, which will be answered when a case is before us, in which they necessarily arise. In this action, they do not. If it be admitted, as the plaintiff contends, that he is the person meant by the testator, by the word “
 
 heir,”
 
 still he cannot maintain this action. We gather from the will, that the testator owned other lands, beside that mentioned in the first recited clause, and.this other land is the subject of this suit. The plaintiff, if he bo one of the persons meant
 
 in the
 
 second clause, must take this land, as he does the homestead, for the words are, after the death of the widow, “ then for it to fall back
 
 to the said heir,
 
 as above mentioned.” Now under the first clause, Samuel takes a life estate in the homestead, with remainder in fee to Joel Sullivan, The latter must take the additional land devised in the second clause (if at all) in the same way as he takes the homestead under the first, a remainder in fee, after his father’s life estate. We do not now decide, who is or are meant by the testator, by the word
 
 61 heir
 
 all wo decide is, that if it be the lessor of the
 
 *196
 
 plaintiff', bo cannot maintain this action, because the life
 
 •estate
 
 of his father would precede his remainder in fee, and it has not fallen in, Samuel Sullivan being still alive, as far as appears.
 

 Judgment is reversed and a
 
 venire de novo
 
 ordered which will bo certified to the Superior Court of Guilford.
 

 Peb Curiam. Ordered accordingly.